UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARC EASON,

        Plaintiff,

v.

WASTE MANAGEMENT OF ALAMEDA COUNTY, ET AL.,

        Defendants.
_____/

No. C-06-06289 JCS

**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION [Docket No. 21]**

## I. INTRODUCTION

Plaintiff filed this action for unfair labor practices in the Superior Court of California on June 9, 2006. Defendant removed the action to the United States District Court for the Northern District of California on October 6, 2006, on the basis that Plaintiff's state-law claims are preempted by section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. Currently before the Court is Defendants' Motion to Dismiss Plaintiff's First Cause of Action ("the Motion"). In the Motion, Defendants assert that Plaintiff failed to state a claim as to the first cause of action because the statute of limitations has been exceeded. Plaintiff's First Cause of Action alleges that Defendant, Waste Management of Alameda County, Plaintiff's former employer, violated the Collective Bargaining Agreement that existed between Defendant and Plaintiff's Union. A hearing on the Motion occurred on July 27, 2007, at 1:30 p.m. For the reasons stated below, Defendant's Motion is GRANTED.[1]

---

[1] The Parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

**II.    BACKGROUND**

    **A.    Facts**[2]

Plaintiff Marc Eason was hired by Waste Management of Alameda County ("WMAC") in February of 1980. (First Amended Complaint ("FAC") ¶ 4.) While Plaintiff was employed by WMAC, a Collective Bargaining Agreement ("CBA") existed between WMAC and the Brotherhood of Teamsters Local Number 70 Union ("the Union"). *Id.* ¶ 12. Plaintiff was a member of the Union and a beneficiary of the CBA. *Id.* ¶ 13.

On July 26, 2004, Plaintiff failed a Breathalyzer test given to him at work by WMAC. *Id.* ¶ 6. After failing the Breathalyzer test, Plaintiff was required to take a leave of absence from work and to enroll in a rehabilitation program. *Id.* ¶ 7. Plaintiff alleges that he completed the rehabilitation program on May 11, 2005. *Id.* Although Plaintiff believed that he was to return to work upon completion of the program, instead his employer terminated his employment on the same date he completed the rehabilitation program. *Id.* ¶¶ 8, 15. Plaintiff alleges that WMAC informed him that he was being fired because he had failed the Breathalyzer test. *Id.* ¶ 9.

The Union filed a grievance to compel WMAC to return Plaintiff to work, which resulted in an "inconclusive decision." *Id.* ¶ 18. The Union appealed, unsuccessfully. *Id.* ¶ 19. Plaintiff then requested that the Union take the matter to arbitration; the Union refused to do so. *Id.* ¶ 20. Plaintiff does not provide the dates of these decisions in his Complaint. However, the parties stipulated at on the record on July 27, 2007, that the grievance proceedings had concluded prior to WMAC's termination of Plaintiff's employment.

The provision of the CBA that relates to Plaintiff's Claim One is Article 14, Section 2(b), which states:

> Within ten (10) days of the occurrence of the alleged cause for discharge or suspension, excluding Saturdays, Sundays and holidays, the individual Employer shall give written notice by certified mail to the employee and the Local Union of its decision to discharge or suspend the employee and such notice shall set forth the reason or reasons for the discharge or suspension. If the individual Employer fails to give such notice within the specified ten (10) days [sic] period,

---

[2] For the purposes of this Motion, the Court accepts Plaintiff's allegations of fact as true. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990).

> the right to discharge or suspend for that particular reason shall be waived. . . .  If the Union does not file with the Company written protest of the individual Employer's action within fourteen (14) days from the date of receipt of the Employer's notice, the right to protest such discharge or suspension shall be waived.

*Id.* ¶14.  Plaintiff alleges that WMAC breached the collective bargaining agreement when it failed to give written notice of its decision to discharge Plaintiff.  *Id.* ¶ 16.

### B. The Pleadings

Plaintiff initially filed this action in the Superior Court of California on June 9, 2006, asserting the following five state-law claims based on unfair labor practices: (1) wrongful termination in violation of California Government Code § 12940(n) (requiring employers to accommodate employees' medical conditions); (2) wrongful termination in violation of public policy; (3) retaliation; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress.  Defendants removed the action to the United States District Court for the Northern District of California on October 6, 2006, on the basis that Plaintiff's state law claims are preempted by section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185.[3]

Following removal of the case to federal court, Plaintiff filed his First Amended Complaint for Damages on April 12, 2007, adding his first cause of action, entitled Breach of Duty of Fair Representation ("Claim One").  In this claim, Plaintiff alleges that WMAC could not terminate his employment without providing the written notice required by the CBA, and that by failing to provide written notice, WMAC waived its right to terminate plaintiff's employment on the basis of the failed Breathalyzer test.  *Id.* ¶¶ 21, 24.  In the First Amended Complaint, Plaintiff acknowledges that a six-month statute of limitations applies to his claim, but asserts that the statute of limitations did not begin to run until February 27, 2007, when he learned of the terms of the CBA at his own deposition.  *Id.* ¶¶ 21-22.

---

[3] Section 185(a) provides, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a) (2007).  The Supreme Court has held that because the subject matter of section 301 requires the application of uniform principles, the application of state law is pre-empted in the resolution of any claim that requires the interpretation of a collective bargaining agreement.  *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988).

3

Defendants filed the Motion to Dismiss on April 26, 2007.  Defendants argue that the Plaintiff's claim accrued either at the expiration of the ten-day notice period required by the CBA (August 7, 2004) or, at the latest, on March 11, 2005, when Plaintiff's employment was terminated. (Motion to Dismiss at 3.)  Defendants dispute Plaintiff's assertion that the statute of limitations began to run on February 27, 2007, when Plaintiff learned of the terms of the CBA, and instead suggest that the terms of the CBA should have been known to a plaintiff exercising due diligence. *Id.* at 4.

In Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion ("Plaintiff's Opposition"), Plaintiff seems to have changed his position with regard to the timeliness of Claim One.  Rather than arguing that the statute of limitations accrued on February 27, 2007, when Plaintiff learned of the terms of the CBA, Plaintiff now appears to argue that Claim One is not subject to any statute of limitations at all.  In particular, Plaintiff asserts that WMAC's failure to provide him with written notice renders WMAC's "orders or directive for the alleged cause of discharge, void." (Plaintiff's Opposition at 2.)  Plaintiff argues further that because WMAC's "order" terminating Plaintiff's employment is "void ab initio," Plaintiff's cause of action is "not subject to statute of limitations defenses." *Id.*  Plaintiff also states that WMAC does not have "jurisdiction" under the CBA to terminate Plaintiff's employment. *Id.* at 3.

Plaintiff also suggests in his Opposition that WMAC's failure to issue written notice as required by the CBA violated Plaintiff's due process rights.  Plaintiff attempts to support this assertion by citing case law for the proposition that a judgement issued by a court is void if the judgment was entered in violation of due process.  Plaintiff then cites several California cases that deal with collateral attacks to decisions of a court or arbitrator that are void because of procedural due process defects, suggesting that "WMAC's void order . . . is subject to collateral attack [that] can be brought at any time, notwithstanding a limitations period." (Plaintiff's Opposition at 4.)

Defendants argue, in their Reply in Support of the Motion to Dismiss ("Defendants' Reply"), that Plaintiff's assertion that Claim One is not subject to a statute of limitations defense fails as a matter of law. (Defendants' Reply at 1.)  Defendants note that Plaintiff does not offer any case law to support his contention that an employer's decision to fire an employee is analogous to a decision

4

issued by a court or arbitrator. *Id.* at 4. Defendants therefore dispute Plaintiff's claim that the procedural deficiency of failing to issue written notice to Plaintiff "voids" WMAC's decision to terminate Plaintiff's employment and precludes the application of any statute of limitations. *Id.* at 4-5.

## III. ANALYSIS

### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A complaint may be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri*, 901 F.2d at 699.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. ___, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis in original). The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Id.* at 1965. However, a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion. *Id.* at 1964. Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." *Id.* at 1974. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id.* at 1965 (noting that this requirement is in accord with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings show that "the pleader is entitled to relief").

Although a court's review is typically limited to the contents of the complaint when it decides a motion to dismiss, a court also may consider exhibits submitted with the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition to the adjudicative facts specified by

Rule 201, a court may consider facts admitted in response to a request for an admission or a fact that the parties have stipulated to be true. *See S.E.C. v. American Capital Investments, Inc.*, 98 F.3d 1133, 1140 n. 7 (9th Cir. 1996) *cert. denied*, 520 U.S. 1185 (1997) (taking judicial notice of a fact on the basis of a stipulation by the parties); *see also* 21B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 5102.2. Finally, a court may, at its discretion, take notice of an adjudicative fact whether or not the parties request it. Fed. R. Evid. 201(c).

A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim, and this consideration does not render the motion a motion for summary judgment. *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of a motion to dismiss and a supporting memorandum). Further, in deciding a motion to dismiss for failure to state a claim, a court need not accept as true allegations in the complaint that contradict facts which may be judicially noticed by the court. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

If the expiration of the applicable statute of limitations is apparent from the face of the complaint, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). This is true even though expiration of the limitations period is an affirmative defense, because Federal Rule of Civil Procedure 9(f) "makes averments of time and place material for the purposes of testing the sufficiency of a complaint." *Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 204 (9th Cir. 1950).

### B. General Principals Regarding Statutes of Limitations

When a motion to dismiss is based on the running of the statute of limitations, "it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon*, 614 F.2d at 682. In contrast, where the statute of limitations question turns on factual issues that may be disputed, the question is more appropriately addressed at a later stage of the proceeding. *See id.*

A statute of limitations may be held in abeyance by either the doctrine of equitable tolling or the doctrine of equitable estoppel. *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir.

2006) (finding that neither equitable tolling nor equitable estoppel applied where a seaman failed to bring a timely claim under the Jones Act because, although his employer provided information in a pamphlet about federal causes of action, he did not understand the information and he had forgotten about the pamphlet; therefore, he had "slept on his rights" and his employer had not acted improperly).

Equitable tolling "'focuses on whether there was excusable delay by the plaintiff and 'may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim.'" *Id.* (quoting *Santa Maria v. Pac Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000)).

In contrast, equitable estoppel, sometimes called "fraudulent concealment," focuses on improper actions of the defendant taken in order to prevent the plaintiff from filing suit in a timely manner. *Id.* at 1121. Such improper actions would include an employer's assurances that it would not rely on the statute of limitations to bar an employee's claim, or actively concealing information that would allow an employee to maintain a claim successfully. *Id.* at 1121-22. A plaintiff must "plead with particularity the facts which give rise to the claim of fraudulent concealment." *Guerrero v. Gates*, 442 F.3d 697, 706-07 (9th Cir. 2006) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980)).

### C. "Hybrid" Suits under the Labor Management Relations Act, 29 U.S.C. § 185 and the National Labor Relations Act, 29 U.S.C. § 160(b)

Although Plaintiff does not specify the source of authority on which Claim One is based, the Court construes it as a "hybrid" claim for breach of a collective bargaining agreement under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and for breach of the duty of fair representation under the National Labor Relations Act, 29 U.S.C. § 160. The Supreme Court has explained that the two claims that make up a hybrid claim are "inextricably interdependent;" therefore, to prevail against *either* the employer or the union, the employee must prove not only that the employer breached the collective bargaining agreement, but also that the union breached its duty of fair representation. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983). Further, the employee may bring suit against either the employer or the union singly, or against both. *Id.* The employee must prove *both* the employer's breach of the agreement and the union's breach of

duty, even if the employee brings suit against only one defendant. *Id.* Finally, the Supreme Court has held that such hybrid claims are asserted as an exception to the usual requirement that an employee must exhaust the grievance procedures in a collective bargaining agreement before he may file suit in federal court. *Id.* at 163-64.

### 1.     Statute of Limitations under NLRA, 29 U.S.C. § 160

Congress did not specify a statute of limitations for actions brought under section 301 of LMRA. 29 U.S.C. § 185; *DelCostello*, 462 U.S. at 161-62. However, citing the need for a uniform statute of limitations that appropriately balances the various interests at stake, the Supreme Court in *DelCostello* held that a "hybrid" suit is governed by the six-month statute of limitations provided by section 10(b) of the NLRA.[4] *See* 29 U.S.C. § 160(b); *DelCostello*, 462 U.S. at 155.

Courts have generally found that the claim accrues and the six-month statute of limitations starts to run when an employee "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]." *Galindo*, 793 F.2d at 1509 (citations and quotations omitted; substitution in original); *Allen v. United Food & Commercial Workers Int'l Union*, 43 F.3d 424, 427 (9th Cir. 1994) (stating that a cause of action accrues when a plaintiff knows or should know of wrongdoing and can successfully maintain a suit in district court).

In some cases, however, courts have held that a hybrid claim does not accrue until an employee learns, or should reasonably have learned, that the "dispute was finally resolved." *Galindo*, 793 F.2d at 1509 (finding employee's claim was not time-barred because the claim, challenging errors in arbitration proceedings, was filed within six months of learning of the arbitrator's award). In *Galindo*, the Ninth Circuit addressed this apparent inconsistency, explaining that a "reasoned analysis of when a duty of fair representation claim accrues must focus on the context in which the claim ar[ises]." *Galindo*, 793 F.2d at 1509. Thus, while "the vast majority of fair representations claims arise in the grievance procedure context," and therefore accrue at the conclusion of those proceedings, a claim that arises *outside* grievance proceedings accrues when the employee reasonably should have learned of the violation. *Id.* For example, in *Galindo*, one of the

---

[4] Section 10(b) provides that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge. . . ." 29 U.S.C. § 160(b).

claims was that the union had breached its duty of fair representation by failing to notify the employer of plaintiff's union stewardship, which would affect his seniority for purposes of the employer's lay-off policy. *Id.* Because this claim arose from events occurring outside of the grievance proceedings, the limitations period commenced when the plaintiff should have learned of the acts that constituted the breach. *Id.* The court concluded that the plaintiff should have been aware of the breach at the point in time when he was laid off in violation of the collective bargaining agreement. *Id.*

However, although a claim may accrue when an employee learns of a union's breach of duty, the statute of limitations may be tolled while a plaintiff pursues resolution of a dispute through internal union grievance and arbitration procedures that are mandated by a collective bargaining agreement. *Conley v. Int'l Bhd. of Elec. Workers*, 810 F.2d 913, 915 (9th Cir. 1987) (citing *Clayton v. Int'l Union, UAW*, 451 U.S. 679, 702-03 (1981)); *Galindo*, 793 F.2d at 1510. Thus, whether a claim accrues upon the employee's discovery of wrongdoing and the limitations is period is tolled until a final decision is reached in grievance proceedings, or whether the claim does not accrue until those proceedings have concluded may make no practical difference because the limitations period will not start running, in either case, until the conclusion of grievance proceedings.

In addition to tolling during participation in internal resolution mechanisms, the statute of limitations may also be tolled by the doctrine of equitable estoppel if the employer or union actively conceals the violation from the employee. *NLRB v. Don Burgess Const. Co.*, 596 F.2d 378, 382 (9th Cir. 1979) *cert denied*, 444 U.S. 940 (1979); *NLRB v. O'Neill*, 965 F.2d 1522, 1528 (finding tolling appropriate where employer misrepresented material facts and actively concealed ownership of business). "This equitable doctrine is read into every federal statute of limitation, including section 10(b)." *Burgess Const.*, 596 F.2d at 382 (citations and quotations omitted).

The following elements are required to toll a statute of limitations on the basis of fraudulent concealment: (1) fraudulent concealment by the party raising the statute of limitations defense; (2) the other party's failure to discover the facts that are the basis for a cause of action despite (3) the exercise of due diligence. *Id.* at 383 n2 (citing *Charlotte Telecasters v. Jefferson-Pilot Corp.*, 546 F.2d 570, 574 (4th Cir. 1976)). The party seeking the benefit of tolling the statute of limitations carries the burden of proof. *Id.* A plaintiff may not rely on "conclusory statements of fraudulent

9

concealment and lack of actual or constructive knowledge of the facts giving rise to their cause of action." *Smith v. Norcal Waste Sys.*, 2006 U.S. Dist. LEXIS 12523 at * 12 (N.D. Cal. March 7, 2006) (citing *Rutledge v. Boston*, 576 F.2d 248, 251 (9th Cir. 1978)).

### D. Claim One Is Time-Barred

Claim One is subject to the six-month statute of limitations provided by section 10(b) of NLRA, 29 U.S.C. § 160(b). *See DelCostello*, 462 U.S. at 155. The question before the Court, then, is whether it can be determined from the face of the complaint and facts of which the Court may take judicial notice that the limitation period has run. The Court concludes that it can.

As a preliminary matter, the Court notes that Plaintiff has advanced various arguments based on state-law authority regarding void judgments. These arguments fail not only because state law is not applicable to Claim One, but also because the cases cited are not on point; no authority is cited to support the proposition that an employer's decision is analogous to a judgment rendered by a court. The remaining issues the Court must address are: (1) when Plaintiff's claim accrued; and (2) whether any events are alleged that could have acted to toll the running of the limitations period or have given rise to equitable estoppel.

With respect to the first question, the Court concludes that the latest date on which Claim One could have accrued is March 11, 2005, the date of Plaintiff's termination, and therefore, the limitations period expired no later than September 11, 2005. Plaintiff's claim turns on WMAC's failure to comply with the terms of the CBA requiring WMAC to provide written notice of its intent to terminate Plaintiff within ten business days of the Breathalyzer test performed on July 26, 2004. Plaintiff's claim arises from actions occurring outside grievance proceedings. His claim therefore accrued when he became aware, or should have become aware, of the actions constituting the violation, that is, his termination. *See Galindo*, 793 F.2d at 1509. Further, even if Plaintiff's claim was based on events that occurred during the grievance proceeding, that proceeding ended before Plaintiff's termination and therefore does not extend the limitation period beyond the September 11, 2005 deadline.

The Court rejects Plaintiff's allegation that the claim is timely because he did not discover the violation until February 27, 2007. According to Plaintiff's FAC, he was unaware of the relevant provision of the CBA until this date. Courts routinely reject such arguments on the basis that

employees who are subject to CBA are charged with constructive knowledge of its terms. *See Arriaga-Zayas v. Int'l Ladies' Garment Workers' Union*, 835 F.2d 11, 13 (1st Cir. 1987) (finding that where the employee's claim turned on allegedly improper firings and a union's "sluggish" response to those firings, the "limitations clock is activated by knowledge, actual or constructive"); *Cook v. Columbian Chems. Co.*, 997 F.2d 1239, 1241 (8th Cir. 1993) ("constructive notice of the existence of appellant's cause of action could be imputed to him by operation of the collective bargaining agreement under which he worked"); *Metz v. Tootsie Roll Indus.*, 715 F.2d 299, 303 (7th Cir. 1983) *cert. denied*, 464 U.S. 1070 (1984) (holding that where a collective bargaining agreement provided that a grievance must be filed by the union within a specified period, the union's failure to act within the specified period triggered the running of the statute of limitations and a reasonably diligent plaintiff should have known of the violation); *see also Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (finding that limitations period based on a violation of the Truth in Lending Act commenced at time of signing contract because violations were inherent in the contract. Because plaintiffs did not allege concealment, the court imputed knowledge of the terms of the contract to plaintiffs); *Volk v. D.A. Davidson & Co*., 816 F.2d 1406, 1416 (9th Cir. 1987) (finding that because terms were specified in annual report, investors were given constructive notice and thus tolling did not apply to limitations on suit for misrepresentation and securities violations).

In addition to the cases cited above, the Court is persuaded by the reasoning employed by the United States Court of Appeals for the Sixth Circuit, addressing issues very similar to those presented in the instant case. In *Shapiro v. Cook United*, a plaintiff first discovered that his union failed to comply with time limits in a collective bargaining agreement when a lawyer informed him of the terms of the agreement. *Shapiro v. Cook United, Inc.*, 762 F.2d 49, 50-51 (6th Cir. 1985). The court found that the plaintiff's arguments that the union "never told him" there was a deadline to request arbitration and "he never read the collective bargaining agreement" insufficient to demonstrate that a reasonably diligent plaintiff would not have discovered the failure to comply with the terms of the agreement. *Id.* at 51. Put another way, "ignorance does not constitute due diligence." *Id.*

With respect to the question of tolling and equitable estoppel, Plaintiff has neither alleged in his complaint nor argued in his briefs that either doctrine applies. Nor does the complaint allege any

facts that could support a finding that Claim One is timely under either doctrine. The Court therefore concludes that Defendant is entitled to dismissal of Claim One on the basis that it is untimely.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion and dismisses Claim One with prejudice.

IT IS SO ORDERED.

Dated: August 3, 2007

JOSEPH C. SPERO
United States Magistrate Judge